**Jeffrey Scott BOWMAN, Petitioner–Appellant,**

v.

**Joseph S. WARCHOL II, Chief Probation Officer, El Dorado County, Respondent–Appellee,**

---

People of the State of California, Real Party in Interest.

No. 07–15154.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2008.*

Filed June 16, 2008.

Robert J. Beles, Esq., Oakland, CA, for Petitioner–Appellant.

Jesse N. Witt, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,** Senior District Judge.

MEMORANDUM ***

1. We answer the certified question, namely whether the trial court violated due process by failing to grant Bowman a continuance to prepare a motion for a new trial based on newly discovered evidence of false allegations of sexual abuse against others made by the victim, in the negative.[1] The state court's determination was neither contrary to, nor did it involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" likewise, it did not "resul[t] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

2. In respect to the other claims raised by Bowman, namely (1) post-trial forensic analysis of a taped pretext call shows that he did not confess to engaging in sex acts with the victim, and constitutes newly-discovered exculpatory evidence, (2) the state and district courts violated *Brady* by failing to order disclosure of records from a juvenile dependency proceeding that allegedly show that the victim made additional false accusations of abuse, (3) the district court failed to grant an evidentiary hearing to determine whether the victim's juvenile dependency files contained evidence of false accusations, and (4) his trial counsel provided ineffective assistance, they are each considered as an application to expand the scope of the Certificate of Appealability pursuant to 9th Cir. R. 22–1(e). Because Bowman has failed to "make a 'substantial showing of the denial of a constitutional right,'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999)(quoting 28 U.S.C. § 2253(c)(2)), with regard to any of these issues, we deny the application.

**AFFIRMED; MOTION TO EXPAND CERTIFICATE OF APPEALABILITY DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Bowman argues that the district court certified a question that was not actually raised in his habeas petition. We find no merit to this argument. One of the claims in Bowman's petition is that "[n]ewly discovered evidence showed that [the victim] had made false allegations of sexual misconduct against others, including a manager and assistant manager at her workplace and one of the foster families she had been placed with." The question certified by the district court is clearly derived from this claim.